UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



AT LAW AND IN ADMIRALTY

CASE NO. 04-20499 CIV-MOORE

RCI-DINNER KEY, INC., a Florida
corporation

and

MIAMI BEACH MARINA
ASSOCIATES, LTD., A Florida
Limited Partnership,

    Plaintiffs,

vs.

M.V. "THE ATLANTIC", f/k/a
"MAX I", her boilers, engines, tackle,
equipment, freight, appliances,
apparel, appurtenances, etc., In
Rem, MLA CRUISES, INC., a
Delaware corporation; and
MAJESTY ENTERPRISES OF
FLORIDA, LLC., a Florida Limited
Liability Company",

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' VERIFIED COMPLAINT AND CLAIM
## BY THE DEFENDANTS AS TO THEIR INTEREST IN
## THE ARRESTED VESSEL M.V. THE ATLANTIC

COME NOW the Defendants, M.V. "THE ATLANTIC", f/k/a "MAX I", her boilers, engines, tackle, equipment, freight, appliances, apparel, appurtenances, etc., In Rem, MLA CRUISES, INC., a Delaware corporation; and MAJESTY ENTERPRISES OF FLORIDA, LLC., a Florida Limited Liability Company", by and through their undersigned counsel, and hereby file this



their Answer, Affirmative Defenses to Plaintiffs' Verified Complaint and Claim by the Defendants as to Their Interest in the Arrested Vessel M.V. The Atlantic, as follows:

## AS TO THE GENERAL ALLEGATIONS

1. Defendants admit the allegations contained in paragraph 1 of Plaintiffs' Verified Complaint.

2. Defendants are without knowledge as to the allegations contained in paragraph 2 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

3. Defendants are without knowledge as to the allegations contained in paragraph 3 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

4. Defendants are without knowledge as to the allegations contained in paragraph 4 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

5. Defendants are without knowledge as to the allegations contained in paragraph 5 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

6. Defendants admit the allegations contained in paragraph 6 of Plaintiffs' Verified Complaint.

7. Defendants admit the allegations contained in paragraph 7 of Plaintiffs' Verified Complaint.

8. Defendants deny the allegations contained in paragraph 8 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

9. Defendants are without knowledge as to the allegations contained in paragraph 9 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

10. Defendants deny the allegations contained in paragraph 10 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

## AS TO COUNT I

11. Defendants hereby reaffirm and reallege answers 1 through 10 above is if fully set forth herein.

12. Defendants admit that a lease was entered into, but, as to the remaining allegations in paragraph 12 of Plaintiffs' Verified Complaint, Defendants are without knowledge and therefore demand strict proof thereof.

13. Defendants admit the allegations contained in paragraph 13 of Plaintiffs' Verified Complaint.

14. Defendants admit the allegations contained in paragraph 14 of Plaintiffs' Verified Complaint.

15. Defendants admit the allegations contained in paragraph 15 of Plaintiffs' Verified Complaint.

16. Defendants admit the allegations contained in paragraph 16 of Plaintiffs' Verified Complaint.

17. Defendants admit the allegations contained in paragraph 17 of Plaintiffs' Verified Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

*Rei-Dinner Key, Inc., etc. v. M.V. "The Atlantic," etc., et al.*
USDC CASE NO. : 04-20499 CIV-MOORE
Page 4

19. Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

20. Defendants admit the allegations contained in paragraph 20 of Plaintiffs' Verified Complaint.

21. Defendants are without knowledge as to the allegations contained in paragraph 21 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

22. Defendants are without knowledge as to the allegations contained in paragraph 22 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

23. Defendants deny that the Defendants have failed to comply with its obligation and are without knowledge as to the remainder of the allegations contained in paragraph 23 of the Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

## AS TO COUNT II

24. Defendants hereby reaffirm and reallege answers 1 through 10 above is if fully set forth herein.

25. Defendants admit the allegations contained in paragraph 25 of Plaintiffs' Verified Complaint.

26. Defendants admit the allegations contained in paragraph 26 of Plaintiffs' Verified Complaint.

27. Defendants admit the allegations contained in paragraph 27 of Plaintiffs' Verified Complaint.

28. Defendant MAJESTY ENTERPRISES OF FLORIDA, INC. admits that it is in arrears, but denies that it is in default.

29. Defendants admit the allegations contained in paragraph 29 of Plaintiffs' Verified Complaint.

30. Defendants admit the allegations contained in paragraph 30 of Plaintiffs' Verified Complaint.

31. Defendants are without knowledge as to the allegations contained in paragraph 31 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

32. Defendants admit the allegations contained in paragraph 32 of Plaintiffs' Verified Complaint.

33. Defendants admit the allegations contained in paragraph 33 of Plaintiffs' Verified Complaint.

34. Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Verified Complaint and therefore demand strict proof thereof.

## AFFIRMATIVE DEFENSES

As Affirmative Defenses, Defendants hereby state the following:

1. That by the actions of the Plaintiffs' principal and interlocking director and officer, Robert Christoph, the Plaintiffs have waived any default and are estopped from declaring a default in that Robert Christoph, on behalf of the Plaintiffs, entered into an oral modification/ novation of the loan documents when he orally agreed not to arrest the vessel (M.V. Atlantic) provided the herein Defendants did not file Chapter 11 and seek the protection of the bankruptcy court and that the

Defendants execute the Asset Purchase Agreement with M.B. Cruises, LLC. The Defendants relied to their detriment and complied with the terms of their oral agreement by executing said Asset Purchase Agreement and not filing Chapter 11 and seeking the protection of the Bankruptcy Court.

## CLAIM BY THE DEFENDANTS AS TO THEIR INTEREST IN THE ARRESTED VESSEL M.V. THE ATLANTIC

COME NOW the Defendants, M.V. "THE ATLANTIC", f/k/a "MAX I", her boilers, engines, tackle, equipment, freight, appliances, apparel, appurtenances, etc., In Rem, MLA CRUISES, INC., a Delaware corporation; and MAJESTY ENTERPRISES OF FLORIDA, LLC., a Florida Limited Liability Company", by and through their undersigned counsel, and file this their claim pursuant to Rule B(5)(a) of the Local Admiralty and Maritime Rules as follows:

1. The herein Defendants claim an interest in the M.V. The Atlantic and all of the property thereon which has been arrested by the Plaintiffs based on the fact that the Defendants are the title owners of said vessel, and the seizure should be vacated because there was an oral agreement with reliance between the Plaintiffs and the Defendants.

2. The Plaintiffs have breached said oral agreement as described above. As a result of the malicious and intentional tortious interference by the Plaintiffs with the Defendants' Asset Purchase Agreement with a third party, the Plaintiffs have frustrated the Defendants' ability to bring the Plaintiffs whole. The total amount of money due and owing to the Plaintiffs is approximately $2,500,000.00, of which would have been satisfied from the $6,000,000.00 sales price of the M.V. The Atlantic to be paid at closing on March 31, 2004, less than thirty (30) days away.

3. There is no legal or logical explanation for the Plaintiffs' actions, in that the principal of

*Rei-Dinner Key, Inc., etc. v. M.V. "The Atlantic," etc., et al.*
*USDC CASE NO.: 04-20499 CIV-MOORE*
Page 7

the Plaintiffs, Robert Christoph, was the driving force behind the consummation of the sale of the M.V. The Atlantic, between the Defendants and the third party purchasers. Mr. Christoph was made aware of every stage of the contract negotiation, participated in them with both sides and was made aware of the execution of the contract and the receipt of a $300,000.00 deposit being held in escrow, towards the purchase of the M.V. The Atlantic. Additionally, the Plaintiffs have a ships first preferred mortgage and are the first ones paid off from the sale proceeds.

WHEREFORE, the Defendants assert their claim as stated above, request a hearing pursuant to Rule B(5)(a) and attorney's fees, costs and other expenses.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed and faxed this 10th day of March, 2004 to: Stuart R. Michelson, Esq., Law Office of Stuart R. Michelson, 200 S.E. 13th Street, Fort Lauderdale, FL 33316.

DAVID M. GOLDSTEIN, Esq.
Attorney for Defendants
Wachovia Financial Center
200 S. Biscayne Boulevard, Suite 1880
Miami, FL 33131
(305) 372-3535
FAX: (305) 577-8232

By: _____
DAVID M. GOLDSTEIN