UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

RCI-DINNER KEY, INC.,
a Florida Corporation,

Case No.: 04-20499-CIV-MOORE

and

MIAMI BEACH MARINA
ASSOCIATES, LTD.,
a Florida Limited Partnership,

Plaintiffs,




vs.

M.V. "THE ATLANTIC," f/k/a
"MAX I," her boilers, engines, tackle,
equipment, freight, appliances, apparel,
appurtenances, etc.,
In Rem:
MLA CRUISES, INC.
a Delaware Corporation,

and

MAJESTY ENTERPRISES OF
FLORIDA, LLC.,
a Florida Limited Liability Company,

Defendants.

_______________/

**PLAINTIFFS, RCI-DINNER KEY, INC., AND MIAMI BEACH MARINA ASSOCIATES, LTD.'S RESPONSE IN OPPOSITION TO CLAIMANT VALENTIN LASKOV'S MOTION FOR PARTITION AND SUPPORTING MEMORANDUM OF LAW**

Plaintiffs, RCI–DINNER KEY, INC. (hereinafter "RCI"), and MIAMI BEACH MARINA ASSOCIATES, LTD. (hereinafter "MBMA"), by and through undersigned counsel, and pursuant to S.D. Local Rule 7.1, hereby file their Response in Opposition to Claimant, Valentin Laskov's Motion for Partition, and as grounds thereof state:

1. On March 3, 2004, Plaintiffs filed their Verified Complaint invoking the admiralty jurisdiction of this Court pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Local Admiralty Rule C, to enforce a maritime lien, namely, to foreclose a First Preferred Ship Mortgage, a Second Preferred Ship Mortgage and a Marine Note and Security Agreement against the *M/V THE ATLANTIC*. See, [D.E. # 1].

2. On March 17, 2004, Claimant, Valentin Laskov, filed his Verified Statement of Right and Interest in the *M/V THE ATLANTIC*.

3. The thrust of Laskov's claim is that by virtue of being a 10% minority shareholder in the Defendant Corporation and Company, MLA CRUISES, INC. and MAJESTY ENTERPRISES OF FLORIDA, LLC, and by having loaned both entities

money, he therefore has an interest in the *M/V THE ATLANTIC* which "supports a demand for restitution." See, [D.E. # 20 at ¶¶ 1, 2].

4. On March 26, 2004, Claimant Laskov moved this Court for Partition pursuant to Supplemental Rule D, and Local Admiralty Rule D. [D.E. # 21].

5. The thrust of Claimant's Motion for Partition is that since he is a minority shareholder in the Defendant, MLA CRUISES, INC., and since the only asset owned by the Defendant, MLA CRUISES, INC., is the *M/V THE ATLANTIC*, Claimant therefore has a "corresponding interest in the *M/V THE ATLANTIC*." [D.E. # 21, ¶ 3].

6. At all material times hereto, Defendant, MLA CRUISES, INC. was and continues to remain the registered and sole owner of the *M/V THE ATLANTIC.*

7. Claimant further contends that he lent money to Defendants, MLA CRUISES, INC. and MAJESTY ENTERPRISES OF FLORIDA, LLC, and thereby is a creditor of said Defendants.

8. Claimant's assertions do not give rise to a right of partition under Supplemental Rule D as explained more fully in the incorporated Memorandum of Law.

WHEREFORE, Plaintiffs respectfully submit that this Court should enter an Order Denying Claimant's Motion for Partition.

**MEMORANDUM OF LAW**

Supplemental Rule D governs the remedy in possessory, petitory and partition actions. In pertinent part, Rule D reads:

> In all actions for possession, partition, and to try title maintainable according to the course of admiralty practice with respect to a vessel ... and in all actions by one or more owners against the others ... the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to adverse party or parties.

Rule D carries forward the substance of prior Admiralty Rule 19. The Advisory Committee Notes make it clear that while former Admiralty Rule 19 "did not deal comprehensively with controversies between co-owners, omitting the remedy of partition," the Supreme Court removed any doubt as to the jurisdiction of the district courts to partition a vessel, regardless of whether the co-owners own equal shares. *See*, Advisory Committee Notes at Supplemental Rule D, *citing*, *Madruga v. Superior Court*, 346 U.S. 556 (1954).

Claimant's motion for partition fails for several reasons. First, and foremost, Claimant does not have an ownership interest in the subject vessel. Without an ownership interest in a vessel, the Court is without jurisdiction to invoke the remedy

of partition under Supplemental Rule D. Next, Claimant has failed to properly bring a partition action within the requirements set forth in Supplemental Rule D, other than merely denominating his motion as being pursuant to "Supplemental Rule D and Local Admiralty Rule D." Supplemental Rule D clearly requires that the process of bringing an action under it "shall be by a warrant of arrest of the vessel and by notice in the manner provided by Rule B(2)." Lastly, the Court lacks jurisdiction to entertain Claimant's motion, although denominated as a partition action "in admiralty," because its true purpose is to settle a non-maritime corporate dispute involving non-maritime contracts, including a shareholder agreement and guaranty. Claimant must seek another forum for his grievances.

**Supplemental Rule D Requires An Ownership Interest In A Vessel**

By its express language, Supplemental Rule D provides only for possession, partition and title actions "**maintainable according to the course of admiralty practice with respect to a vessel.**" (Emphasis added). Petitory and partition actions further require legal ownership in the vessel. The mere fact that an action is purportedly brought pursuant to Rule D does not confer jurisdiction. *See, e.g., Cary Marine, Inc. v. Motorvessel Papillon*, 872 F.2d 751, 754 (6th Cir. 1989)("In the absence of admiralty jurisdiction... these remedies [possessory, petitory and partition

pursuant to Rule D] are not available")(footnote omitted). In the instant case, Claimant lacks an ownership interest in the subject vessel. At best, Claimant, as a minority shareholder in the Defendant corporation which owns the *M/V THE ATLANTIC*, has a corporate interest in the corporation itself. This is not the same as having an ownership interest in the corporation's asset, i.e., the *M/V THE ATLANTIC*.

The basis of Claimant's assertion for the right to partition is that since he is a shareholder of MLA CRUISES, INC., which in turn owns the subject vessel as its sole asset, he thereby has a "corresponding interest" in the vessel. However, this belies the basic tenet of American corporate law that an individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets. *Dole Food Co. v. Patrickson*, 123 S.Ct. 1655, 1660 (U.S. 2003). Thus, Claimant Laskov, as an individual shareholder in MLA CRUISES, INC., does not have an ownership interest in the corporation's assets, and as a result, does not have an ownership interest in the *M/Y THE ATLANTIC*. Without an ownership interest in the subject vessel, partition in admiralty pursuant to Rule D is unavailable. *See, Percy v. Suchar*, 2001 WL 228434 (D. Me. 2001).

In *Percy v. Suchar*, plaintiff brought a complaint for partition pursuant to Rule D claiming a one-half interest in the subject vessel. While the record reflected that

plaintiff and defendant had contributed equally toward the down payment on the vessel, title to the vessel remained in the defendant's sole name. Defendant, therefore, moved to dismiss plaintiff's complaint for partition on the basis of lack of subject matter jurisdiction and failure to state a claim, alleging that plaintiff lacked standing to bring his partition action. Specifically, defendant contended that (i.) a partition action in admiralty presupposes the existence of an ownership interest in a vessel, (ii.) the underlying ownership interests in the subject vessel are disputed, and (iii.) the court has no jurisdiction in admiralty to adjudicate that underlying dispute. *Id.* at * 2.

The *Suchar Court* agreed and held that under the circumstance presented in that case, plaintiff could not maintain his partition action unless and until such time as the parties' underlying ownership dispute, which was non-maritime in nature, and therefore not within the court's jurisdiction, was resolved. *Id.* at * 3. On account of long standing precedent, the court acknowledged it was without jurisdiction in admiralty to resolve the underlying non-maritime dispute:

> This squarely raises the question whether the court has jurisdiction in admiralty to resolve that underlying dispute. Such caselaw as I have been able to find suggests that the answer is no. *See, e.g., Ward v. Thompson*, 63 U.S. 330, 333 (1859)(holding that dispute concerning distribution of profits from steamboat business not

> cognizable in admiralty; noting that "[a] court of admiralty takes cognizance of certain questions between part owners, as to the possession and employment of the ship, but will not assume jurisdiction in matters of account between them."); *Economu v. Bates*, 222 F.Supp. 988, 991 (S.D. N.Y. 1963)("[I]t is difficult to see on what basis the purchase of a half interest in a vessel constitutes a maritime contract.... Since the underlying transaction sued upon is one of joint venture or partnership and the principal relief sought is an accounting of profits arising out of the enterprise, it is not maritime and is beyond admiralty jurisdiction."); *The Red Wing*, 10 F.2d 389, 389 (S.D. Cal. 1925)("Admiralty has no jurisdiction of a contract of partnership to engage in maritime commerce.")(citation and internal quotation marks omitted); *Turner v. Beacham*, 24 F.Cas. 346, 348 (D. Md. 1858)(No. 14,252)("[A] contract to form a partnership to purchase a vessel, or to purchase anything else, is certainly not maritime; a court of admiralty has no right to decide whether such a contract was legally or equitably binding, nor to adjust the accounts and liabilities of the different partners."). *Id.* at *3.

The court recognized that *Percy* was neither suing for an accounting nor for his share of profits from the fishing venture. Nonetheless, to entertain plaintiff's partition action would require the **court to delve into the intricacies of a non-maritime contract, i.e., the partnership agreement.** *Id.* at * 4. "In effect, the court would be called upon to render an accounting of the parties' rights in the vessel. **The court has no jurisdiction to do so.**" *Id.* (emphasis added). Thus, inasmuch as the plaintiff's cause of action was denominated as "in admiralty," specifically pled under Rule D,

the court recognized that the heart of plaintiff's claim involved non-maritime issues which should be resolved in another forum.

Claimant's motion for partition under Supplemental Rule D, [D.E. # 21], presents a situation not dissimilar to the facts in *Percy v. Suchar*. Here, Claimant's motion is brought under the auspices of admiralty jurisdiction. The subject vessel is not registered in the name of Claimant, but in the Defendant corporation, MLA CRUISES, INC. Moreover, Claimant's asserted "ownership" interest in the subject vessel is nothing more than a tenuous argument that by virtue of stock ownership and a loan to the companies, Claimant has an ownership in the corporate asset. This argument falls flatly on its face in light of well-established American corporate law principals. And, in effect, what Claimant seeks this Court to do, is to delve into the intricacies of non-maritime contracts to render an accounting of the parties' rights in the vessel. This Court is without jurisdiction to do so. *See, The Managua*, 42 F.Supp. 381, 382 (S.D. N.Y. 1941)(court lacked jurisdiction inasmuch as, although claim was denominated as petitory, possessory or licitation cause of action in admiralty, its main purpose was to settle partnership dispute).

**Actions Commencing Under Supplemental Rule D Are To Be By Process Of Arrest**

Supplemental Rule D provides that in all actions for possession, partition or to try a title of a vessel or other maritime property, "the process **shall be by a warrant of arrest**" of the property. *See,* Supplemental Rule D; *Privilege Yachting, Inc. v. Teed*, 849 F.Supp. 298, 301 (D. Del. 1994)(emphasis added). A quick glance at the docket reveals that Claimant Laskov has not arrested the vessel over which he seeks partition under Rule D. While the Plaintiffs in seeking, *inter alia*, to foreclose a First Preferred Ship's Mortgage caused the issuance of an arrest warrant pursuant to Supplemental Rule C on March 4, 2004 [D.E. # 5], the warrant of arrest was since vacated per this Court's March 15, 2004 Order. [D.E. # 15]. Claimant filed his verified statement of right and interest on March 17, 2004, [D.E. #20], and his motion for partition on March 26, 2004. [D.E. # 21]. The arrest of the *M/V THE ATLANTIC* caused by Plaintiffs' Rule C in rem action does not relieve Claimant's requirement to arrest the vessel pursuant to Rule D. Moreover, as it stands now, and at the time of Claimant's motion for partition, the *M/V THE ATLANTIC* was/is free from arrest.

Had Claimant brought his complaint for partition through the appropriate channel, the Court would have had the opportunity to discover and conclude that Claimant is not entitled to arrest the *M/V THE ATLANTIC* under Rule D. Without unnecessary reiteration of the facts, Claimant cannot convince the Court that he is

entitled to partition under Rule D. Regardless of how Claimant characterizes his action, the dispute before the Court arises out of a corporate shareholder agreement and a non-maritime guaranty agreement. There is nothing maritime about the Claimant's disagreement; it is nothing more than a corporate dispute over shareholders' rights and a personal guaranty agreement. *See, Privilege Yachting, Inc. v. Teed*, 849 F.Supp. 298, 301 (D. Del. 1994)(holding plaintiff not entitled to arrest pursuant to Rule D where underlying claim was merely non-maritime contract dispute over price and purchase of vessel).

Moreover, Claimant cannot demonstrate that its claim can be appropriately characterized as possessory or petitory. Claimant did not bring a petitory action. Even assuming *arguendo* that he did, his suit would not be cognizable in admiralty because MLA CRUISES, INC. possesses sole legal title to the vessel. A petitory suit is an action to try title to a vessel, and must be predicated on the existence of legal, not merely equitable title. *Jones v. One Fifty Foot Gulfstar Motor Sailing Yacht*, 625 F.2d 44, 47 (5th Cir. 1980)(unlike a typical case of replevin, plaintiff's success in an admiralty petitory action requires proof of legal title and not merely superior equitable title or interest).

Neither could Claimant's assertion be characterized as a possessory action under Rule D. "A possessory action permits a party to adjudicate the right to possession of property that has been wrongfully taken." *Cary Marine, Inc. v. Motorvessel Papillon*, 872 F.2d 751, 756 (6th Cir. 1989). It presupposes a right to possession. *Silver v. Sloop Silver* Cloud, 259 F.Supp. 187 (S.D. N.Y. 1966). As Claimant is not alleging wrongful deprivation of property, there is no basis for a possessory action. *See, Privilege Yachting, Inc.* at 301. Thus, had Claimant brought an action under Supplemental Rule D, the Court would be apprised of the fact that he possesses no ownership interest in the subject vessel (thereby precluding petitory and partition actions), nor is he, or could he, claim wrongful deprivation of the property (thereby precluding a possessory action). There would be but only one conclusion; Claimant is not entitled to arrest of the *M/V THE ATLANTIC* under Rule D.

**The Nature Of The Underlying Suit And The True Purpose Of Claimant's Motion**

The underlying suit commenced when Plaintiffs filed their verified complaint to foreclose ship mortgage liens against the *M/V THE ATLANTIC* in rem. The vessel was thereafter arrested pursuant to Supplemental Rule C. Prior to the Claimant filing his verified statement of interest and rights, the parties to the lawsuit entered into a stipulated interim settlement agreement adopted by the Court. [D.E. # 15]. Under this

agreement, the parties resolved their differences ultimately resulting in the vacation of the warrant of arrest. Thereafter, Claimant sought to intervene and petition the court to partition the proceeds of any proposed transaction involving the subject vessel. The basis of his request is that by virtue of being a 10% shareholder in the Defendant corporation and company, and by having lent the entities money, he has a "corresponding interest" in the subject vessel which is the sole asset of Defendant MLA CRUISES, INC. Claimants supports his position by introducing the Shareholders Agreement and Guaranty Agreement attached and incorporated into his motion. *See*, [D.E. # 21].

Claimant contends that this Court should exercise its jurisdiction and grant his motion for partition under Rule D to enforce the terms of both non-maritime contracts, since, under the interim settlement agreement, the original parties agreed that the Court shall retain jurisdiction of the case for all purposes. The jurisdiction of district courts, however, as inferior Art. III courts, is determined by Congress and not by interim settlement agreements by parties to litigation. *See*, U.S. Const. art. III. Thus, as explained at length in the preceding sections, Claimant cannot invoke the Court's admiralty jurisdiction pursuant to Rule D. There is simply no support for Claimant's position as evidenced by his motion for partition. Claimant's

memorandum of law cites not one case in support of his right to partition other than merely parroting the Committee Notes to Supplemental Rule D.

## CONCLUSION

Without an ownership interest in a vessel or a claim for wrongful deprivation of maritime property, Supplemental Rule D is unavailable to the Claimant. Claimant Laskov, as an individual shareholder in MLA CRUISES, INC., does not have an ownership interest in the corporation's assets, and as a result, does not have an ownership interest in the *M/V THE ATLANTIC*. Moreover, the Claimant Laskov has not even attempted to arrest the vessel pursuant to Rule D because of the deficiencies in his case. This Court is without jurisdiction to resolve the non-maritime issues that are the crux of Claimant's action. For these reasons, this Court should enter an Order Denying Claimant's Motion for Partition.

Respectfully submitted,

Stuart R. Michelson
FBN: 286982
Attorneys for Plaintiffs
200 S. E. 13th Street
Fort Lauderdale, FL 33316
(954) 463 6100 Telephone
(954) 463 5599 - Facsimile

By: ______________________
Stuart R. Michelson

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy hereof was furnished via facsimile and U.S. Mail to: **JOHN F. MARIANI, ESQ.,** Gunster, Yoakley & Stewart, P.A., Phillips Point, 777 South Flagler Drive, Suite 500 East, West Palm Beach, Florida 33401 (Fax: 561-650-0555) and **DAVID MICHAEL GOLDSTEIN, ESQ.,** 200 South Biscayne Blvd., Suite 1880, Miami, Florida 33131, (Fax: 305-577-8232) this 9 day of April 2004.

By: ______________________
Stuart R. Michelson, Esq.