NIGHT BOX
FILED
APR 16 2004
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

RCI-DINNER KEY, INC.,
a Florida Corporation,

Case. No. 04-20499
CIV-Moore/Magistrate Judge O'Sullivan

and

MIAMI BEACH MARINA
ASSOCIATES, LTD.,
a Florida Limited Partnership,

Plaintiffs,

vs.

M.V. "THE ATLANTIC",
f/k/a "MAX I",
her boilers, engines, tackle,
equipment, freight, appliances,
apparel, appurtenances, etc.,
In Rem:
MLA CRUISES, INC.,
a Delaware Corporation,
and
MAJESTY ENTERPRISES
OF FLORIDA, LLC,
a Florida Limited Liability Company,

Defendants.

_____________/

**LASKOV'S REPLY MEMORANDUM**
**IN SUPPORT OF MOTION FOR PARTITION**

Pursuant to S.D. Fla. L. R. 7.1, Claimant Valentin Laskov, ("Laskov"), hereby files this Reply Memorandum In Support Of Motion for Partition, and in support thereof states as follows:



23.

I. **Facts**

Plaintiffs filed this case on March 3, 2004, invoking this Court's in rem jurisdiction over the vessel known as "THE ATLANTIC." *See* Verified Complaint, ("Complaint"), D.E. 1. The Complaint seeks to foreclose on a preferred ship mortgage Plaintiffs hold on THE ATLANTIC, by virtue of a marina lease and security agreement.

Defendants are single asset entities, with their only asset being THE ATLANTIC.

As discussed in the Motion for Partition, ("Motion"), Claimant Laskov is a ten percent shareholder of Defendants, as well as a creditor of Defendants. Pursuant to Supplemental Rule C(6)(b), Local Admiralty Rule C(6), and this Court's Warrant for Arrest in Rem dated March 4, 2004, Laskov filed a Statement of Right and Interest with this Court on March 16th, 2004, specifying his interest in THE ATLANTIC

Subsequent to the filing of the Complaint, Plaintiffs and Defendants entered into a Stipulated Interim Settlement Agreement ("Interim Agreement," D.E. 16) to resolve this matter. At the parties' request, the Court entered an Order vacating its previously issued Warrant of Arrest, and adopting the Interim Agreement ("Interim Agreement Order," D.E. 15). Pursuant to the Interim Agreement, Defendants are to sell THE ATLANTIC. This proposed transaction is hereafter referred to as "The Proposed Transaction."

As discussed in the Motion, pursuant to a shareholders' agreement, Laskov's consent must be obtained for any sale of THE ATLANTIC. Further, Laskov is entitled to have his interest in THE ATLANTIC paid from the proceeds of any such sale. Laskov therefore filed the now pending Motion for Partition, asking the Court to oversee performance of the Proposed Transaction in accordance with the Interim Agreement Order. In the Motion, Laskov seeks an Order from the Court

requiring payment of the proceeds of the Proposed Transaction into the Court registry, and directing payment of Laskov's interest directly from the Court registry. Plaintiffs served their Response to the Motion on April 9, 2004, ("Response," D.E. 21), and Laskov now files this Reply to that Response.

**II. Defendants Have Not Opposed The Motion For Partition.**

Defendants have filed no opposition to the Motion. This is a crucial point, because it establishes that Defendants do not oppose Laskov being paid from the proceeds of the Proposed Transaction. Plaintiffs are the only parties who oppose the relief sought in the Motion. Their opposition, however, is misplaced because their interests will in no way be harmed by the relief sought by Laskov. This is because Laskov does not object to Plaintiffs' mortgage being paid from the proceeds of the Proposed Transaction before Laskov's interest is paid. By requiring that the closing funds first be paid into the Court registry, Plaintiffs' interests will in fact be protected, not harmed.

Laskov's counsel has repeatedly attempted to discuss this issue with Plaintiffs' counsel, however Plaintiffs' counsel has failed to respond. Plaintiffs insist on objecting to a procedure that would in fact protect their interest, while refusing to explain their reasons for doing so. This conduct raises serious suspicions about the true nature of the Proposed Transaction. The relief sought in the Motion is therefore necessary to ensure that the Interim Agreement Order is properly complied with, and that the closing funds are properly accounted for.

**III. The Court Has In Rem Jurisdiction Over This Matter.**

Plaintiffs repeatedly claim in the Response that the Court lacks jurisdiction to resolve the Motion. *See* Response, p.5, 13, D.E. 22. Plaintiffs argue that the Motion seeks to resolve a non-maritime corporate dispute between Laskov and Defendants. *See* Response, p.5-9, D.E. 22. In

support, Plaintiffs cite the unreported case of *Percy v. Suchar*, 2001 WL 228434 (D. Me. March 8, 2001). *See* Response, p.6-9, D.E. 22. In *Percy*, the Court found that it did not have jurisdiction to resolve an underlying ownership dispute between the parties. *Id.* at *4. The *Percy* Court specifically found that "the defendant contests the plaintiff's ownership" and that the partition action could not be maintained "until such time as the parties' underlying ownership dispute . . . is resolved." *Id.* at *3.

In the present case, unlike in *Percy*, there is no ownership dispute to resolve. This is demonstrated by the fact that Defendants have not opposed the Motion. The Motion therefore does not seek to resolve an underlying corporate dispute; it seeks nothing more than for the Court to ensure that its Interim Agreement Order is complied with, by overseeing payment of the proceeds of the Proposed Transaction.

As Plaintiffs concede, the Court specifically reserved jurisdiction for all purposes in the Interim Agreement Order, including overseeing performance of the Interim Agreement. *See* Response, p.13, D.E. 22. In the Interim Agreement Order, the Court specifically stated as follows:

> [T]he Court does hereby adopt the Stipulated Interim Settlement Agreement and makes the terms and conditions thereof part of this Order. Moreover, the Court specifically reiterates that portion of the Order which provides that the Defendants and its principals will be held in contempt of this Court in the event that this vessel is docked outside of the Southern District of Florida.

*See* Interim Agreement Order, ¶ 4, D.E. 15.

Faced with the indisputable fact that the Court retained jurisdiction for all purposes, Plaintiffs proceed to make the remarkable argument that while the parties, *including Plaintiffs themselves*, consented to such jurisdiction, that "[t]he jurisdiction of district courts . . . is determined by Congress and not by interim settlement agreements by parties to litigation." *Id.*

Plaintiffs cannot have it both ways. It is Plaintiffs themselves who filed this case with the Court, invoking the Court's in rem jurisdiction. The Court proceeded to properly exercise its in rem jurisdiction over THE ATLANTIC. The Court has now, at the request of all of the parties, entered an Order requiring compliance with the Interim Agreement. In accordance with its reservation of jurisdiction in the Interim Agreement Order, the Court continues to have in rem jurisdiction over this matter. The Court does not lose that jurisdiction as Plaintiffs suggest, simply because the Interim Agreement contemplates a sale of the vessel.

Finally, Plaintiffs claim that the Court lacks jurisdiction over this matter because Laskov did not re-arrest THE ATLANTIC upon filing the Motion. *See* Response, p. 9-12, D.E. 22. In making this argument, Plaintiffs once again attempt to defeat this Court's specific reservation of jurisdiction in the Interim Agreement Order. The Court acquired in rem jurisdiction over THE ATLANTIC when it seized the vessel on March 6, 2004. The Court specifically stated in the Interim Agreement Order that it retained such jurisdiction, and that "the Defendants and its principals will be held in contempt of this Court in the event that this vessel is docked outside of the Southern District of Florida." *See* Interim Agreement Order, ¶ 4, D.E. 15. Thus, THE ATLANTIC, by the very wording of the Interim Agreement Order remains within the in rem jurisdiction of the Court.

**IV. Laskov Has Standing To Bring The Motion For Partition.**

Defendants are single asset entities, owning only THE ATLANTIC. As discussed in the Motion, Laskov is both a creditor of Defendants, and a direct investor in Defendants. As further discussed in the Motion, pursuant to a shareholders' agreement, Laskov's consent must be obtained for any sale of THE ATLANTIC. The entire premise of the Interim Agreement is just that - a proposed sale of THE ATLANTIC. Pursuant to Supplemental Rule C(6)(b), Local Admiralty Rule

C(6), and this Court's Warrant for Arrest in Rem dated March 4, 2004. Laskov was therefore required to file a Statement of Right and Interest, which it did on March 16, 2004.

Plaintiffs now argue in the Response that Laskov has no interest in THE ATLANTIC, but rather is merely a minority shareholder of Defendants. *See* Response, p.6, D.E. 22. Laskov, however, is more than simply a minority shareholder. The shareholders agreement, which governs Defendants actions, requires that Laskov's consent be obtained for any sale of THE ATLANTIC. The very basis that Plaintiffs have now settled this case is on the proposed sale of THE ATLANTIC, and the Court has entered an order requiring compliance with that settlement. Laskov therefore not only has standing to bring the Motion, but is in fact a necessary party to the Proposed Transaction.

## V. Conclusion

Defendants have not opposed the Motion, and Plaintiffs raise no substantive arguments in opposition to the relief sought in the Motion. Plaintiffs instead argue that Laskov lacks standing to bring the Motion, and that the Court lacks jurisdiction to hear it. These arguments ignore the uncontested facts of this matter. The Court has jurisdiction because Plaintiffs invoked that jurisdiction, and caused the arrest of THE ATLANTIC. The Court specifically retained that jurisdiction when it entered the Interim Agreement Order. Laskov has standing to bring the Motion because the very transaction that forms the basis of the Interim Agreement cannot take place without Laskov's consent. The Court should therefore reject the Response, and grant the Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof was furnished via U.S. Mail to: **Stuart R. Michelson**, Esquire, 200 S.E. 13th Street, Fort Lauderdale, Florida 33316, Facsimile No. 954-463-5599, and **David Michael Goldstein**, Esquire, 200 S. Biscayne Blvd., Suite 1880, Miami, FL 33131, Facsimile No. 305-577-8232, this 16th day of April, 2004.

GUNSTER, YOAKLEY & STEWART, P.A.
Attorneys for Valentin Laskov
Phillips Point
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL 33401
561-655-1980-Phone
561-655-5677-Facsimile

By: ______________________
JOHN F. MARIANI
Florida Bar No. 263524
jmariani@gunster.com
BRYAN S. MILLER
Florida Bar No. 0312230
bmiller@gunster.com

764412.1