**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MOORE

**Case No. 04-20499-CIV-O'SULLIVAN**

**RCI-DINNER KEY, INC., a Florida corporation**

**and**

**MIAMI BEACH MARINA ASSOCIATES, LTD., a Florida Limited Partnership,**

**Plaintiffs,**

FILED by D.C.
MAG. SEC.
MAY 10 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**v.**

**M/V "THE ATLANTIC," f/k/a "MAX I", her boilers, engines, tackle, equipment, freight, appurtenances, etc., In Rem; MLA CRUISES, INC., a Delaware corporation; and MAJESTY ENTERPRISES OF FLORIDA, LLC, a Florida Limited Liability Company,**

**Defendants.**

______________________________/

## ORDER

THIS MATTER is before the Court on Claimant Laskov's Motion for Partition and Incorporated Memorandum of Law (DE # 21, 3/26/04). Having reviewed the parties' filings and carefully considered the arguments therein, it is

ORDERED AND ADJUDGED that the Claimant Laskov's Motion for Partition is **DENIED**. The Court lacks subject matter jurisdiction to adjudicate the claimant's claim for partition. Rule D of the Supplemental Rule for Certain Admiralty and Maritime Claims, which provides for possession, partition and title actions, applies only to

25

actions "maintainable according to the course of admiralty practice with respect to a vessel[.]" Rule D does not itself confer jurisdiction. See Cary Marine, Inc. v. Motorvessel Papillon, 872 F.2d 751, 754 (6th Cir. 1989).

The claimant brings the Motion for Partition under the auspices of admiralty jurisdiction, arguing that he is entitled to a percentage of the vessel's proceeds based on his ownership of stock in the corporation that holds title to the vessel. However, in order for the claimant to prevail in his motion, the Court would first be required to "delve into the intricacies of a non-maritime contract . . . to render an accounting of the parties' rights in the vessel." Percy v. Suchar, 2001 WL 228434 at p *4 (D. Me. 2001). Although the claimant's motion is styled as "in admiralty" and pled under Rule D, the Court finds that the heart of the claimant's claim involves non-maritime issues that cannot be resolved pursuant to the Court's admiralty jurisdiction.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 10 day of May, 2004.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Moore
All counsel of record