UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AT LAW AND IN ADMIRALTY

**NIGHT BOX FILED**

**APR 1 1 2005**

**CLARENCE MADDOX**
**CLERK USDC / SDFL / MIA**

Case No.: 04-20499
CIV-MOORE
MAGISTRATE: O'SULLIVAN

RCI-DINNER KEY, INC. a Florida
corporation,

and

MIAMI BEACH MARINA
ASSOCIATES, LTD, a Florida
Limited Partnership,

      Plaintiffs,

v.

M.V. "THE ATLANTIC", f/k/a "MAX I",
her boilers, engines, tackle, equipment,
freight, appliances, apparel, appurtenances,
etc., In Rem,

and

MLA CRUISES, INC., a Delaware
Corporation; and MAJESTY ENTERPRISES OF
FLORIDA, LLC., a Florida Limited Liability
Company,
      Defendants.
_____/

## AMENDED VERIFIED COMPLAINT

1

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

COMES NOW the Plaintiffs, RCI-Dinner Key, Inc. (hereinafter referred to

as "RCI"), and Miami Beach Marina Associates, Ltd., (hereinafter referred to as

"MBMA") as and for its amended verified complaint In Rem pursuant to Rule C of

the Supplemental Rules for Certain Admiralty and Maritime Claims and Local

Admiralty Rule C, to enforce a maritime lien, to foreclose a First Preferred Ship

Mortgage, (hereinafter referred to as the "First Mortgage"), recorded with the

National Vessel Documentation Center in Book 03-45, page 415 on May 2,

2003; to foreclose the second Preferred Ship Mortgage and Security Agreement

(hereinafter referred to as the "Second Mortgage"), recorded with the National

Vessel Documentation Center in Book 03-45, page 416 on May 2, 2003; and to

foreclose the Marine Note and Security Agreement (hereinafter referred to as the

"Marine Note") in the amount of Two Million dollars ($2,000,000.00), individually,

and by and through their undersigned counsel and hereby sues the Defendants,

(1) the Motor Vessel "The Atlantic", f/k/a "Max I", her boilers, engines, tackle,

equipment, freight, appurtenances, etc., *in rem*;   (2) MLA Cruises, Inc., a

Delaware corporation (hereinafter referred to as "MLA"); (3) MB Cruises, LLC, a

Delaware limited liability company (hereinafter referred to as "MB CRUISES");

(4) Paramount Global Holdings, Inc., a New York corporation (hereinafter

referred to as "Paramount"); (5) Bradford Marine, Inc., a Florida corporation

2

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

(hereinafter referred to as "Bradford"); (6) Biscayne Towing and Salvage, Inc. a

Florida corporation (hereinafter referred to as "Biscayne Towing"); (7) Southeast

Cruise Holdings, LLC (hereinafter referred to as "Southeast") a Delaware limited

liability company, and in support of their claims allege as follows:

GENERAL ALLEGATIONS

1.      This Court has jurisdiction pursuant to 28 USC § 1333 as this is a

case cognizable within the Court's admiralty and maritime jurisdiction.   This is

an admiralty and maritime claim within the meaning of Rule 9(h) Fed. R. Civ. P.

2.      Pursuant to Article II, Section 14 of the First Mortgage and the

Second Mortgage, Defendants MLA and MB Cruises have submitted themselves

to the exclusive jurisdiction of the United States District Court, Southern District

of Florida, Miami-Dade division, if the vessel is located in the Southern District of

Florida.

3.      At all material times, Plaintiff, RCI- Dinner Key, Inc.  was and now is

a Florida corporation, authorized to do business and is doing business in the

State of Florida, with a place of business in Miami-Dade County, Florida.

4.      At all material times, Plaintiff, Miami Beach Marina Associates, Ltd

was and now is a Florida Limited Partnership, authorized to do business and is

doing business in the State of Florida with a place of business in Miami-Dade

3

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

County, Florida.

5.      RCI and MBMA are affiliated entities.

6.      The Defendant Motor Vessel "The Atlantic" is a seagoing Vessel which is presently docked at the Miami Beach Marina, located at 300 Alton Road, Miami Beach, Florida, which is within the jurisdiction of this Court, and is one hundred and ninety six and three-tenths feet (196.3) in length and its official registration is number 634676.

7.      At all times material hereto Defendant, MLA Cruises, Inc., a Delaware Corporation, properly registered to conduct business in the State of Florida, was the registered owner of the Defendant Vessel, The Atlantic, until MLA's interest in the Vessel was purchased by Defendant MB Cruises in June of 2004.

8.      At all times material hereto Defendant, MB Cruises was a Delaware limited liability company properly registered to conduct business in the State of Florida and became the owner of the Defendant Vessel, The Atlantic, on or about June 11, 2004.

9.      Defendant Paramount is a New York corporation.

10.      Defendant Bradford Marine, Inc. is a Florida corporation doing business in Miami-Dade County, Florida.

4

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

11.     Defendant Biscayne Towing and Salvage, Inc. is a Florida

corporation doing business in Miami-Dade County, Florida.

12.     Defendant Southeast is a Delaware limited liability company.

13.     Plaintiffs have hired the undersigned counsel and are obligated to

pay a reasonable fee for services provided in the instant matter.

14.     All conditions precedent to the bringing of this action have been

satisfied or waived.

## COUNT ONE
BREACH OF LEASE AND FORECLOSURE OF PREFERRED SHIP
MORTGAGE AND SECURITY AGREEMENT

15.     Plaintiffs incorporate and re-allege paragraphs 1 through 14 as if

fully set forth herein.

16.     This action is a claim by MBMA for foreclosure of a Second

Preferred Ship Mortgage according to the Federal Maritime Commercial

Instruments and Liens Act, 46 USC § 31301-31342.

17.     The events described herein took place in navigable waters of the

United States.

18.     On or about January 31, 2002, MBMA, as Landlord, entered into a

Marina Lease agreement (hereinafter referred to as the "Lease") with Majesty,

as Tenant, for office space and dock space for the M/V "Majesty".   A copy of the

5

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

Lease is attached hereto as Exhibit "A".   Pursuant to Article 34 of the Lease, Majesty acknowledged that MBMA shall have a maritime lien on the vessel, her appurtenances and content for any unpaid sums due to the Landlord for the use of its facilities and other services.

19.    On or about April 12, 2003, Majesty and MBMA entered into a letter agreement to substitute M/V Max I, Official Number 634678, for the Majesty and entitling MBMA to a Second Mortgage on the vessel as security for the Lease.

20.    On May 5, 2003, a Certificate of Documentation was issued by the National Vessel Documentation Center to MLA for the M/V The Atlantic with same official number as had been previously issued to the M/V Max I, attached hereto as Exhibit "B".

21.    On or about July 1, 2003, the MBMA and Majesty entered into a Lease amendment, to substitute the M/V "The Atlantic" for the M/V Majesty and reaffirming all other terms and conditions of the Lease.   A copy of the Letter Agreement and Lease Amendment are attached hereto as composite Exhibit "C".

22.    On or about April 22, 2003, MLA, as a Mortgagor, and MBMA, as Mortgagee, entered into the "Second Mortgage" for the purposes of securing the Defendant Majesty's obligations under this Lease, including the payment of rent

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

and common area maintenance.   A copy of the Second Mortgage is attached hereto as Exhibit "D".

23.    On or about June 7, 2004, MBMA consented to the assignment of the subject Lease from Majesty to MB Cruises.   A copy of the consent to the assignment of the Lease is attached hereto as Exhibit "E."

24.    On or about June 11, 2004, MB Cruises assumed MLA's obligations under the Second Preferred Ship's Mortgage and Security Agreement recorded with the National Vessel Documentation Center in Book 03-45, Page 416, on May 2, 2003.   Attached hereto as Exhibit "F" is the Preferred Ship Mortgage and Security Agreement Assumption Agreement.

25.    During the approximate period from November 15, 2003 through March 1, 2004, MBMA furnished necessaries to The Atlantic at the request of her agents, masters and owners in the form of dockage, office space, and other services, supplies, equipment and labor.

26.    The Atlantic, MB Cruises and MLA are in breach of the Lease and Second mortgage as a result of their failure to pay for said necessaries. As a direct and proximate result of such breach, Plaintiffs have been damaged.

27.    That balance which remains due on the Lease is $233,160.75. Default interest continues to accrue on the unpaid sum.

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

28.    A balance remains due for necessaries and services provided to the Vessel.

29.    All necessaries, services and other benefits provided inured directly to the benefit of The Atlantic and were provided directly to the vessel and/or on behalf of the vessel for its direct use and benefit.

30.    By virtue of the foregoing, MBMA claims a maritime lien on the Lease in the amount of $233,160.75 against The Atlantic pursuant to 46 USC § 31342 and the express terms of the Lease and Second Mortgage and brings this action to enforce its lien.

31.    Pursuant to Article XX of the Lease, and Article II of the Second Preferred Ship Mortgage and Security Agreement, MBMA is entitled in event of default to recover judgment for all sums secured thereby, and collect same out of any and all property of the ship owner, whether covered by this mortgage or otherwise.   MBMA hereby declares acceleration of all sums secured and seeks recovery of all sums secured by the Second Preferred Ship Mortgage.

32.    Plaintiff MBMA also seeks to foreclose the Second Mortgage and to have The Atlantic arrested, sold and to be paid the claimed amount from the proceeds of the sale.

33.    Additionally, paragraph (c) of Section 12 of Article 1 of the Second

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

Mortgage provides that after the event of default, the Defendant shall immediately provide to MBMA any charter fees or other earnings made by operating The Atlantic.  Defendants have failed to do so.

WHEREFORE, the Plaintiff prays that:

a.      The Court takes jurisdiction of this claim; and

b.      The Court issue process in rem in accordance with the rules and practices of this Court in causes of maritime and admiralty jurisdiction against M/V The Atlantic, her boilers, engines, tackle, equipment, freight, appliances, apparel, appurtenances, etc., citing all persons claiming any interest therein to appear and answer an oath all and singular the matters aforesaid or suffer the entry of default; and

c.      The Plaintiff MBMA be adjudged to have a valid maritime lien against M/V The Atlantic for sums due under the Lease in the amount of $233,160.75, plus interest and attorneys' fees and costs, plus all sums which are secured by the Second Preferred Ship Mortgage and that the Court foreclose the maritime lien and the Second mortgage; and

d.      That a judgment be entered in favor of Plaintiffs against the Vessel M/V Atlantic for non-payment of necessaries and other services; and

e.      Said Vessel, The Atlantic, be arrested and sold to satisfy

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

MBMA's lien claim and foreclosure of the Second Mortgage.

      f.    Plaintiff MBMA be awarded damages from all Defendants, jointly and severally, in an amount to be determined at the time of trial together with pre-judgment interest, costs, and attorneys' fees pursuant to the terms of the Lease and Second Mortgage, and any applicable general relief, and for such other and further relief that this Court deems just and proper in the premises; and

      g.    The Court impose a constructive trust on the charter fees and other earning of The Atlantic for the benefit of the Plaintiff MBMA.

      h.    That the Court enter an order that Plaintiffs may bid the amount of their judgments as cash at a sale to be conducted by the United States Marshal and that the Plaintiffs may have such other and further relief as the Court determines to be just and equitable in the premises.

### COUNT TWO
### BREACH OF MARITIME NOTE AND SECURITY AGREEMENT AND FORECLOSURE OF FIRST PREFERRED SHIP MORTGAGE

34.    Plaintiff incorporates and re-alleges paragraphs 1 through 14 as if fully set forth herein.

35.    This action is a claim by RCI for foreclosure of a First Preferred Ship Mortgage and breach of Maritime Note and Security Agreement according to the

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

Federal Maritime Commercial Instruments and Liens Act, 46 USC § 31301-

31342.

36.    The events described herein took place in navigable waters of the

United States.

37.    On or about April 22, 2003, MLA, as Mortgagor, entered into a First

Preferred Ship Mortgage with RCI, as Mortgagee (the "First Mortgage") wherein

RCI loaned MLA two million dollars ($2,000,000.00), in exchange for a mortgage

on the Defendant Vessel.   A copy of the First Mortgage is attached hereto as

Exhibit "G."

38.    Simultaneously, MLA as Borrower entered into a Marine Note and

Security Agreement with RCI (the "Marine Note"), as Lender to secure the two

million dollar loan.   A copy of the Marine Note is attached as Exhibit "H."

39.    On June 11, 2004, RCI entered into a Marine Note and First

Preferred's Ship Mortgage assumption, additional advance, and modification

agreement whereby MB Cruises purchased the Defendant Vessel and assumed

all of MLA's obligations under the First Preferred Ship's Mortgage.   RCI

consented to MB Cruises purchasing MLA's interest in the Defendant Vessel

and consented to MB Cruises assuming all of MLA's obligations under the loan

documents.   Additionally, RCI agreed to make an additional advance of

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

$767,000.00, bringing the total principal indebtedness under the First Preferred

Ship's Mortgage to $2,767,000.00.   The Marine Note and First Preferred Ship's

Mortgage Assumption, Additional Advance, and Modification Agreement was

recorded with the National Vessel Documentation Center.

40.    MB Cruises failed to timely make the payment due and owing on

November 15, 2004 and is currently in arrears on this First Mortgage in the

amount of $1,980,711.09, plus interest and is in default of the Marine Note.

41.    Paragraph (a) of Section 1 of Article II of the First Mortgage and

paragraph 38 (a) of the Marine Note provide that any payment which is not

received by RCI within 10 days of its due date shall be a default.

42.    Additionally, pursuant to Article II, Section I, Paragraph (e) (1) of the

First Mortgage and Paragraph 39(a) of the Marine Loan, RCI may accelerate the

loan and declare all unpaid indebtedness secured under the First Mortgage to

be due and payable immediately in the event of a default.

43.    Plaintiff desires to and does hereby accelerate the First Mortgage

and calls the remaining principal sum in the amount of $1,000,000.00 due and

owing immediately, plus interest accruing thereunder.

44.    Furthermore, paragraph 11 of the Marine Note grants RCI a lien in

the Vessel, togther with her boilers, engines, tackle, equipment, freight,

12

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

appliances, apparel, appurtenances, etc.

45.     Paragraph 14 (b) therein further provided RCI with a security

interest in all charter hire, freights, revenue, and any other moneys of

whatsoever nature earned from The Atlantic.

46.     The Defendants are in breach of the First Mortgage and Marine

Note and as a direct and proximate result of such breach, Plaintiffs have been

damaged in the total sum of $2,980,711.09.

WHEREFORE, the Plaintiffs pray that:

      a.     The Court take jurisdiction of this claim; and

      b.     The Court issue process in rem in accordance with the rules

and practices of this Court in causes of maritime and admiralty jurisdiction

against The Atlantic, her boilers, engines, tackle, equipment, freight, appliances,

apparel, appurtenances, etc., citing all persons claiming any interest therein to

appear and answer an oath all and singular the matters aforesaid or suffer the

entry of default; and

      c.     The Plaintiff RCI be adjudged to have a valid maritime lien

against The Atlantic for all amounts due and owing under the Marine Note and

First Mortgage, plus interest and attorneys' fees and costs and that the Court

foreclose the maritime lien and the First mortgage; and

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

d.      Said Vessel, The Atlantic, be arrested and sold to satisfy the

Plaintiff RCI's lien claim and foreclosure of the First Mortgage.

e.      Plaintiff RCI be awarded damages from all Defendants,

jointly and severally, in an amount to be determined at the time of trial together

with pre-judgment interests, costs, attorneys' fees pursuant to the terms of the

Marine Note and First Mortgage, general relief, and for such other and further

relief that this Court deems just and proper; and

f.      The Court impose a constructive trust on the charter fees and

other earning of The Atlantic for the benefit of the Plaintiff RCI; and

g.      That the Court enter an order that Plaintiffs may bid the

amount of their judgments as cash at a sale to be conducted by the United

States Marshal and that the Plaintiffs may have such other and further relief as

the Court determines to be just and equitable in the premises; and

h.      Grant such other and further relief as may be just and proper.

### **COUNT THREE**
FORECLOSURE OF PARAMOUNT'S CLAIM OF LIEN

47.      Plaintiffs incorporate and re-allege paragraphs 1 through 14, 16

through 30 and 32 through 41 as if fully set forth herein.

48.      The events described herein took place in navigable waters of the

United States.

14

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

49.    Plaintiffs claim, by virtue of their First and Second Preferred Ship Mortgage, a maritime lien against the Defendant Vessel and bring this action to enforce said lien.

50.    MB Cruises entered into a promissory note on or about June 10, 2004, with Paramount, secured by a Third Preferred Ship Mortgage (attached as Exhibit "I").

51.    Plaintiffs and Paramount entered into an Intercreditor and Subordination Agreement whereby Paramount specifically acknowledged, among other things, that its mortgage was and would be subordinate to the mortgages held by Plaintiffs.   A copy of this Intercreditor and Subordination Agreement is attached hereto as Exhibit "J."

52.    Plaintiffs claim a priority for their liens over Paramount's lien.

WHEREFORE, Plaintiffs demand and pray for the following relief:

a.    That process and due form of law according to the rules and practices of this Court in cases of admiralty and maritime jurisdiction issue against the M/V Atlantic, her hull, engines, tackle, gear, appurtenances, and all accessories thereto, and that all persons having or claiming any interest therein may be cited to appear and answer the matters aforesaid; and

b.    That this Court order, adjudge and decree that the Plaintiffs

15

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

have a valid maritime lien against the M/V Atlantic and that the M/V Atlantic be

condemned and sold to pay the amounts due to Plaintiffs; and

   c.  That a judgement be entered in favor of the Plaintiffs in the

amount of their claims, and that a decree of condemnation be issued against the

M/V Atlantic for the amount of Plaintiffs' claims, with interest, reasonable

attorneys' fees and costs, and that the Court enter an Order providing that the

Plaintiffs may bid the amount of their judgments as cash at a sale to be

conducted by the United States Marshal and that the Plaintiffs may have such

other and further relief as the Court determines to be just and equitable in the

premises.

**COUNT FOUR**
FORECLOSURE OF BRADFORD'S CLAIM OF LIEN

   53.  Plaintiffs incorporate and re-allege paragraphs 1 through 14 as if

fully set forth herein.

   54.  Plaintiffs claim, by virtue of their First and Second Preferred Ship

Mortgages, a Maritime Lien against the Defendant Vessel and bring this action

to enforce said lien.

   55.  Bradford Marine has filed a Notice of Claim of Lien against

the Defendant Vessel in the amount of $41, 332.66.

   56.  Plaintiffs claim a priority for their liens over Bradford Marine, Inc.'s

16

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

claim of lien.

WHEREFORE, Plaintiffs demand and pray for the following relief:

a.      That process and due form of law according to the rules and practices of this Court in cases of admiralty and maritime jurisdiction issue against the M/V Atlantic, her hull, engines, tackle, gear, appurtenances, and all accessories thereto, and that all persons having or claiming any interest therein may be cited to appear and answer the matters aforesaid; and

b.      That this Court order, adjudge and decree that the Plaintiffs have a valid maritime lien against the M/V Atlantic and that the M/V Atlantic be condemned and sold to pay the amounts due to Plaintiffs; and

c.      That a judgement be entered in favor of the Plaintiffs in the amount of their claims, and that a decree of condemnation be issued against the M/V Atlantic for the amount of Plaintiffs' claims, with interest, reasonable attorneys' fees and costs, and that the Court enter an Order providing that the Plaintiffs may bid the amount of their judgments as cash at a sale to be conducted by the United States Marshal and that the Plaintiffs may have such other and further relief as the Court determines to be just and equitable in the premises.

## COUNT FIVE
## FORECLOSURE OF BISCAYNE'S CLAIM OF LIEN

17

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

57.    Plaintiffs incorporate and re-allege paragraphs 1 through 14 as if fully set forth herein.

58.    The events described herein took place in navigable waters of the United States.

59.    Plaintiffs claim, by virtue of their First and Second Preferred Ship Mortgages, a Maritime Lien against the Defendant Vessel and brings this action to enforce said liens.

60.    Biscayne Towing and Salvage, Inc. has filed a Notice of Claim of Lien against the Defendant Vessel in the amount of $1,963.05.

61.    Plaintiff claim a priority for their liens over Biscayne Towing's lien.

WHEREFORE, Plaintiffs demand and pray for the following relief:

a.    That process and due form of law according to the rules and practices of this Court in cases of admiralty and maritime jurisdiction issue against the M/V Atlantic, her hull, engines, tackle, gear, appurtenances, and all accessories thereto, and that all persons having or claiming any interest therein may be cited to appear and answer the matters aforesaid; and

b.    That this Court order, adjudge and decree that the Plaintiffs have a valid maritime lien against the M/V Atlantic and that the M/V Atlantic be condemned and sold to pay the amounts due to Plaintiffs; and

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

c.     That a judgement be entered in favor of the Plaintiffs in the amount of their claims, and that a decree of condemnation be issued against the M/V Atlantic for the amount of Plaintiffs' claims, with interest, reasonable attorneys' fees and costs, and that the Court enter an Order providing that the Plaintiffs may bid the amount of their judgments as cash at a sale to be conducted by the United States Marshal and that the Plaintiffs may have such other and further relief as the Court determines to be just and equitable in the premises.

## COUNT SIX
### RCI'S SUIT ON GUARANTY

62.     Plaintiff RCI sues Defendant Southeast, *in personam*, and alleges as follows:

63.     Plaintiff, RCI, incorporates and re-alleges paragraphs 1 through 14 and 32 through 41 as if fully set forth herein.

64.     This is a suit on a guaranty made by Southeast in favor of RCI whereby Southeast guaranteed payment of MLA's indebtedness to RCI in the original principal amount of $2,000,000.00, plus an advance in the amount of $767,000.00.   A copy of this guaranty is attached hereto as Exhibit "K.

65.     On or about June 11, 2004, Southeast agreed to make the aforesaid guaranty, which is a payment guaranty, in consideration of RCI's

19

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

agreement to consent to the transfer, assumption and advance whereby MLA

transferred its interest in the Defendant Vessel to MB Cruises.

66.     MB Cruises has defaulted on its obligations to RCI and RCI sues

Southeast on its guaranty and seeks damages thereunder in the amount of

$2,767,000.00 plus interest and attorneys' fees.

WHEREFORE, MBMA seeks judgment against Southeast on the guaranty

in the amount of $2,767,000.00 plus pre-judgment interest, attorneys' fees, and

such other and further relief as the Court determines to be just equitable and

proper.

### COUNT SEVEN
MBMA'S SUIT ON GUARANTY

67.     Plaintiff, MBMA, sues Defendant Southeast, *in personam*, and

alleges as follows:

68.     Plaintiff, MBMA, incorporates and re-alleges paragraphs 1 through

14 and 16 through 30 as if fully set forth herein.

69.     This is a suit on guaranty made by Southeast in favor of MBMA,

whereby Southeast guaranteed payment of Majesty Enterprises of Florida,

LLC's, obligations under that certain Marine Lease dated January 31, 2002, as

amended by that certain Letter Agreement which is attached hereto as

Composite Exhibit C.   A copy of this guaranty is attached hereto marked as

Exhibit "L."

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

70.     On or about June 11, 2004, Southeast agreed to make the aforesaid guaranty, which is a payment guaranty, in consideration of RCI's agreement to consent to the assignment of the Lease to MB Cruises.

71.     MB Cruises has defaulted on its obligation to MBMA and RCI sues Southeast on its guaranty and seeks damages thereunder in the amount of $233,160.75 plus interest and such other and further relief as provided in the guaranty.

WHEREFORE, MBMA seeks judgment against Southeast on the guaranty in the amount of $233,160.75 plus pre-judgment interest, attorneys' fees, and such other and further relief as the Court determines to be just equitable and proper.

<u>VERIFICATION</u>

BEFORE ME, the undersigned authority, personally came and appeared:

ROBERT W. CHRISTOPH, SR., President of RCI-DINNER KEY, INC. and President of So Be Marina, Inc., the sole general partner of MIAMI BEACH MARINA ASSOCIATES, LTD, who, AFTER BEING DULY SWORN, did depose and stated that he has read in its entirety the foregoing Amended Complaint and based upon his persona knowledge, the allegations contained therein are true and correct.

Robert W. Christoph, Sr.
President,
RCI-Dinner Key, Inc.
and
President, So Be Marina, Inc., sole general
partner of Miami Beach Marine Assoc., Ltd.

SUBSCRIBED AND SWORN to before me in the City of Fort Lauderdale, County of Broward, State of Florida, to take acknowledgments, personally appeared ROBERT W. CHRISTOPH, SR., President of RCI-DINNER KEY, INC., and President of

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

So Be Marina, Inc. sole general partner of MIAMI BEACH MARINE ASSOCIATES, LTD., who is personally known to me or who has produced _____ as identification and who did take an oath and who executed the foregoing instrument and he/she acknowledged before me that he/she executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this _11th_ day of April, 2005.

_____
Notary Public
State of Florida
County of _DADE_.

Commission Expires:

Sandra C. Ovando
My Commission DD269175
Expires November 20, 2007

Respectfully submitted this __11__ day of April, 2005.

_____
Stuart R. Michelson
Fla. Bar No.: 286982
LAW OFFICE OF STUART R. MICHELSON
200 SE 13th Street
Fort Lauderdale, FL 33316
Telephone: 954-463-6100
Facsimile:   954-463-6100

*RCI- Dinner Key, et al. v. M.V. The Atlantic, et al.*
USDC No.: 04-20499

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was deposited into the US Mail addressed to:   Alan J. Pearlman, Esquire, Fowler White Burnett, PA, 1395 Brickell Avenue, 14th Floor, Miami, FL 33131-3302 on the 11th  day of April, 2005.

Attorney

23

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

# CASE NO. 04-20499-CV-MOORE

## ATTACHMENT TO DOCKET ENTRY: 50
# NOT SCANNED

☐ VOLUMINOUS (exceeds 999 pages = 4 inches)

☐ BOUND EXTRADITION PAPERS

☐ ADMINISTRATIVE RECORD (Social Security)

☐ STATE COURT RECORD (Habeas Cases)

☐ SOUTHERN DISTRICT TRANSCRIPTS

☐ LEGAL SIZE

☐ DOUBLE SIDED

☐ PHOTOGRAPHS

☑ POOR QUALITY (i.e. hand written, legal size, light print, etc.)

☐ SURETY BOND (original or letter of undertaking)

# PLEASE REFER TO COURT FILE