

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 04-CIV-20499-MOORE
MAGISTRATE: O'SULLIVAN

05 JUN 21  PM 3: 16

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL.-MIAMI

RCI-DINNER KEY, INC., a Florida Corporation, MIAMI
BEACH MARINA ASSOCIATES, LTD., a Florida Limited
Partnership,

       Plaintiff,

v.

M.V. ""THE ATLANTIC"", f/k/a ""MAX I"", her boilers,
engines, tackle, equipment, freight, appliances, apparel,
appurtenances, etc., *in rem*, and MLA CRUISES, INC., a
Delaware Corporation; and MAJESTY ENTERPRISES OF
FLORIDA, LLC., a Florida Limited Liability Company,

       Defendants.

_____/

## NOTICE OF FILING SETTLEMENT AGREEMENT

COMES NOW the parties, Plaintiffs, RCI-DINNER KEY, INC., a Florida Corporation,

MIAMI BEACH MARINA ASSOCIATES, LTD., a Florida Limited Partnership, and

Defendants, the M.V. ""THE ATLANTIC"", f/k/a ""MAX I"", her boilers, engines, tackle,

equipment, freight, appliances, apparel, appurtenances, etc., *in rem*, MLA CRUISES, INC., a

Delaware Corporation, and MAJESTY ENTERPRISES OF FLORIDA, LLC., a Florida Limited

Liability Company, by and through undersigned counsel, and pursuant to the amicable settlement

of this matter hereby file the enclosed settlement agreement between the aforesaid parties

attached hereto as **EXHIBIT "A".**  A proposed Final Judgment should follow shortly.

Respectfully submitted,

ALAN J. PERLMAN
Florida Bar No. 0826006
FOWLER WHITE BURNETT, PA
Espirito Santo, 14th Floor
1395 Brickell Ave.
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via U.S. Mail on June 20th, 2005 to: Stuart R. Michelson, Esq. Law Office of Stuart Michelson 200 S.E. 13th Street Fort Lauderdale, FL  33316.

Alan J. Perlman

[jcs] W:\66963\notfilgset{6/20/5-11:44}

LAW OFFICES

# FOWLER WHITE BURNETT P.A.

MIAMI · FORT LAUDERDALE · WEST PALM BEACH · ST. PETERSBURG

STUART M. ALTMAN
PATRICIA O. ANADUCCI
JENNIFER A. AMZALONE
(VALTE I. ARANGO
RICHARD E. BANICK
CAROL C. MERK
HELLENMARIE M. BLAKE
ROBERT F. BOUGHARD
RENEE L. BRANT
EDWARD J. BRIEGDE
MICHAEL G. BUCKLEY
CLAUDINE M. BURKE
HENRY BUNNETT
RICHARD R. COCHRAN
FRANKLIN G. COSMEN. JR
JAMES D. DECHUNCH
CHARLES O. DE LEO
RICHARD C. DOUGLAS
MICHAEL J. DRAHOS

BRIAN D. ELIAS
SAMANTHA J. FITZGERALD
JOHN H. FRIEDHOFF
DAVID A. FRIEDMAN
MICHAEL ALEXANDER GARCIA
GARY S. GENOVESE
MELANIE S. GOODMAN
HOWARD W. GORDON
BARRY M. GREENBERG
JASON D. GREENBERG
JUNE GALKOEHI HOFFMAN
SANDAA HOYOS
JAMES M. HUNLEY
ELIZABETH P. JOHNSON
RORY ERIC JURMAN
ALLAN R. KELLEY
CHRISTOPHER E. KNIGHT
DONALD E. KUBIT
JAN M. KUYLENSTIERNA

REBECCA LEON
FRED K. LICKTEIN
TARYA A. MALIKI
JUAN C. MARTINEZ
PATTI A. MECKS
PETER J. MELARAGNO
RAMONITZA MIEH
BRADLEY L. MIKRAN
DON MOORE
JAMES F. MURRAY
RONALD O. NEINWIH
STEVEN SLOANE NEWBURGH
J. MICHAEL PENNEKAMP
ALAN J. PERLMAN
MICHAEL R. RAGAN
SUEANNE K. REDHANMER
HECTOR M. RIVERA
MARG J. SCHLEIER
TIMOTHY O. SCHRANCK

BARRY H. SENEY
RONALD O. SHINDLER
SARA SOTO
FRANCES SPUNTHOUNARIE
JOEL STEWART
JOHN C. STRICKROOT
ROBERT S. TANNER
CHERISH A. THOMPSON
STACEY K. TRIEN
NORMAN I. WEIL
JASON I. WEISSMAN
RICHARD A. WOOD

*OF COUNSEL

ESPIRITO SANTO PLAZA
FOURTEENTH FLOOR
1395 BRICKELL AVENUE
MIAMI, FLORIDA 33131-3302
TELEPHONE (305) 789-9200
FACSIMILE (305) 789-9701

WWW.FOWLER-WHITE.COM

CODY FOWLER (1892-1978)
MORRIS E. WHITE (1902-1980)
JAMES L. HURLEY (1920-1980)

June 7, 2005

**VIA FACSIMILE AND U.S. MAIL**

Stuart R. Michelson, Esquire
Law Office of Stuart Michelson
200 S.E. 13th Street
Fort Lauderdale, FL 33316

    Re:    RCI-Dinner Key, Inc. and Miami Beach Marina Associates, Ltd.
            v. M.V. "The Atlantic", et al.
            Case No. 04-20499 (Southern District-Admiralty)

Dear Stuart:

        In accordance with our previous discussions, the purpose of this letter is to memorialize the terms of a global settlement agreement relative to our respective clients and their affiliates. As such, the contents hereof, the enclosures attached hereto and any and all discussions in connection therewith are deemed and shall constitute confidential and privileged settlement communications, which shall (i) not be introduced or relied upon by any of the parties (including affiliates) relative to any pending or future litigation; and (ii) shall not be shared or disclosed to any third parties without first obtaining undersigned prior written consent which may be unreasonably withheld. However, the foregoing conditions will not be applicable once the parties have executed this Agreement in full.

        1.    Subject to the foregoing, and based on your Amended Verified Complaint filed on or about April 11, 2005 the ("Amended Complaint"), subject to the full execution hereof by all parties identified hereinbelow and all corresponding conditions precedent, the M.B. Cruises, LLC ("MB"), Majesty Enterprises of Florida LLC, MLA Cruises, Inc., and Southeast Cruise Holdings, LLC defendants (the "Defendants") will stipulate to an in rem judgment against the Vessel (defined below) in the amounts of $3,011,903.66 (as of May 10, 2005) and $500,000 relative to the first and second mortgages, respectively, without any defense or reservation,



EXHIBIT
A

Page 2

with the exception of the terms and conditions contained hereinbelow and the Release attached hereto.

    2.    Within 3 business days of receipt by undersigned of a fully executed original version of this settlement correspondence, as well as the fully executed original Releases attached hereto as Composite Exhibit 1 (subject to the escrow provisions referenced below), the parties may file the appropriate stipulation relative to this settlement which shall include the right for Plaintiff to arrest the Vessel.

    3.    Upon satisfaction of the conditions precedent referenced above, the Defendants shall not oppose and will consent to the Plaintiffs' procedural efforts to expedite entry of a Judgment (defined below) against the Vessel in this proceeding and shall not delay, contest or otherwise hinder Plaintiffs' ability to execute on the Vessel in accordance with the provisions hereof.

    4.    It is further agreed and stipulated that the Judgment to be entered in this proceeding shall limit any recovery by Plaintiffs' to an in rem action regarding The M/V "ATLANTIC" (the "Vessel"), and that any and all other claims, including but not limited to deficiency claims of any kind, shall not be enforced in any manner except as against the Vessel (the "Judgment", the form of which is attached hereto as Exhibit "2").

    5.    Upon execution of the Judgment by Plaintiffs against the Vessel in this action, the original Releases provided to undersigned in accordance with paragraph two herein shall be released from escrow to each of the Released Party described therein and shall be in full force and effect. However, until execution of said Judgment described above, undersigned counsel hereby expressly agrees to hold the original Releases in escrow and the parties hereby confirm that said Releases shall not be effective in any manner until such time as the Judgment has been executed relative to the Vessel as contemplated herein.

    6.    The officers and managers executing this correspondence hereby represent that they have the requisite authority to enter into the settlement contained herein, which determination shall likewise be incorporated into the Judgment.

    7.    The leased premises currently occupied by M.B., and which is the subject of the Amended Complaint, shall be vacated in broom-swept condition with all personal property removed therefrom, within 2 business days after execution of the Judgment ("Vacation Date"). Any property remaining at the premises subsequent to the Vacation Date shall be deemed abandoned by MB to the landlord, Miami Beach Marina Associates, Ltd. Upon execution of this Settlement Agreement by all parties MB shall execute the Assignment of Lease attached hereto as Exhibit "3" and deliver the same to counsel for the Landlord to be held in escrow and not effective until such time as the Releases have been released from escrow as set forth herein.

Page 3

8.      The settlement agreement and the documents referenced to herein constitute the entire agreement between the parties with regard to the subject matter hereof. The settlement may not be modified or amended except in writing signed by all signatories hereto or their successors in interest.

9.      The settlement agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each party is entering into this settlement voluntarily, without duress, with the consultation and advice of its legal counsel.

10.     This settlement agreement shall be interpreted and construed in accordance with the provisions of the laws of the State of Florida.

11.     Any dispute, action or proceeding arising out of or relating to this settlement shall be within the exclusive jurisdiction of the State and Federal Courts of Miami-Dade County, Florida.

12.     This settlement agreement may be executed in any number of counterparts and such counterparts may, at the option of the executing party, be delivered by telefacsimile, each of which shall be deemed to be an original but all of which shall constitute one and the same document.

If the foregoing terms and conditions are acceptable, please have the respective parties execute this settlement correspondence where indicated herein below, as well as the Releases and Assignment of Lease to be held in escrow subject to the provisions above, and return same to me at your earliest convenience. The proposal herein shall remain open until 5:00 p.m. on June 10, 2005, after which the foregoing shall be retracted in its entirety unless executed in advance thereof in accordance with the provisions hereinabove.

Sincerely,

Alan J. Perlman

Enclosures

READ, AGREED AND ACCEPTED:
RCI-DINNER KEY, INC.

By: _____
Robert W. Christoph, President

FOWLER WHITE BURNETT P.A.

Page 4

READ, AGREED AND ACCEPTED:
MIAMI BEACH MARINA ASSOCIATES, LTD.

By: So Be Marina, Inc., its general partner

By: _____
Robert W. Christoph, President

READ, AGREED AND ACCEPTED:
M.B. CRUISES, LLC

By: _____
Its: _____

READ, AGREED AND ACCEPTED:
MLA CRUISES, INC.

By: _____
Its: _____

READ, AGREED AND ACCEPTED:
MAJESTY ENTERPRISES OF FLORIDA, LLC

By: _____
Its: _____

READ, AGREED AND ACCEPTED:
SOUTHEAST CRUISE HOLDINGS, LLC

By: _____
Its: _____

Page 5

cc:  Mr. Arnold Block
     Allen R. Kelley, Esquire
     Donald E. Kubit, Esquire
     Julie Feigeles, Esquire
     Stuart Michelson, Esq.
     Suzanne Amaducci, Esq.

[vwk] W:\6696\\SETAGR12.AJP

FOWLER WHITE BURNETT P.A.

Page 7

## GENERAL RELEASE

For $10.00 and other good and valuable consideration, including that consideration provided for under the Settlement Agreement of even date hereof, the receipt and sufficiency of which is hereby acknowledged by them, their heirs and successors and assigns, the undersigned, MIAMI CRUISES, LLC, CASINOS AUSTRIA MANAGEMENT CO., LLC, CASINOS AUSTRIA MARITIME CORP., ARNOLD BLOCK, THE M.V. "PRINCESSA", SOUTHEAST CRUISE HOLDINGS, LLC, MAJESTY ENTERPRISES OF FLORIDA, LLC, VANQUISH ACQUISITION PARTNERS, LLC, MLA CRUISES, INC. and M.B. CRUISES, LLC, and their present and future related or affiliated companies, incorporators, shareholders, directors, managers, members, managing members, officers, partners, employees, debtors, creditors, agents, and attorneys (herein collectively the "Releasing Party") do hereby release and forever discharge RCI-DINNER KEY, INC., MIAMI BEACH MARINA ASSOCIATES, LTD. and SOBE MARINA, INC. and all their past, present and future related or affiliated companies, incorporators, shareholders, members, directors, managers, managing members, officers, partners, employees, agents, and attorneys, (herein collectively the "Released Party"), of and from any and claims, causes of action, all compulsory or permissive claims, notes, mortgages, leases, losses, liens, lien rights, lien claims, torts, demands, breach of contracts, negligence, differences, disputes, controversies, liabilities, and damages, known or unknown, suspected or unsuspected whatsoever, in law or equity, which the Releasing Party ever had, now has, may have or may obtain by assignment, transfer, right, order, judgment, agreement, special relationship, equitable interest, ownership either direct or indirect, stock ownership, power of attorney, by imposition or operation of law or equity or which any legal representative, heir, agent, attorney, trustee, receiver, successor or assigns, hereinafter can, shall or may have against the Released Party, for any reason, matter, cause or thing whatsoever from the beginning of time through the date hereof, including but not limited to (i) any matter arising from anything that has occurred, concerning, regarding, involving and pertaining to all claims, issues, rights, causes of actions, raised or those that could have been raised or may arise in the future concerning, regarding, involving, pertaining, or arising, directly or indirectly *RCI-Dinner Key and Miami Beach Marina v. M.V. "The Atlantic", et al.*, Case No. 04-20499 (Southern District - Admiralty)(the "Pending Action"); (ii) any Note, Mortgage or other loan documents or Loan

MIAMI 895630.2 7418318721

Page 8

entered into or held by any of the Releasing Party and the Released Party; or (iii) That certain
Marina Lease between Miami Beach Marina Associates, Ltd. ("Landlord") as Landlord, and
Majesty Enterprises of Florida LLC, a Florida limited liability company ("Majesty"), as Tenant
dated January 31, 2002, as supplemented by that certain letter agreement dated as of April 22,
2003, between Majesty as subsequently assigned to MB Cruises, LLC on or about June 10, 2004
and any other amendments, modifications, assignments and changes thereto for dock and office
space at Miami Beach Marina. This release is being executed and is delivered as a requirement
pursuant to that certain Settlement Agreement among certain of the Releasing Parties and
Released Parties in connection with the Pending Action, a copy of which is attached hereto
("Settlement Agreement"). Notwithstanding any language in this Release, this Release does not
release any of the Released Parties of their respective obligations contained in the Settlement
Agreement and the Final Judgment to be entered by the Court in the Pending Action.

The Releasing Party covenants not to sue, take or continue any legal action, or legal
proceedings either directly or indirectly, concerning, regarding, or involving the Released Party
for any and all claims, compulsory or permissive claims, torts, causes of action, losses, demands,
disputes, controversies, or damages known or unknown, suspected or unsuspected whatsoever in
law or equity, which the Releasing Party ever had, now have, may have or may obtain by
assignment, transfer, right, order, judgment, agreement, special relationship, equitable interest,
ownership interest either direct or indirect, equitable interest, stock ownership, power of
attorney, by imposition or operation of law, or equity, or which any legal representative, agent,
attorney, trustee, receiver, heir, at law or by marriage, successors, or assigns, hereinafter can,
shall or may have against the Released Party, for any reason or any matter, cause or thing
whatsoever, arising from anything that has occurred, concerning, regarding, involving, relating
or pertaining either directly or indirectly to any and all claims, compulsory or permissive claims,
issues, rights, causes of action, raised or those that could have been raised or may arise in the
future concerning, regarding, involving, pertaining or arising directly or indirectly in the above
described matters.

The Releasing Party acknowledges that they are aware that they may hereafter discover
facts in addition to or different from those which they know or believe to be true with respect to
their rights, claims, demand, or causes of action concerning, regarding, or involving the Released

Page 9

Party regarding the above described matters but that it is their expressed intention to fully, finally and forever settle, discharge, and release any and all such actions, compulsory or permissive claims, proceedings, matters, rights, disputes and differences, known or unknown, suspected or unsuspected, which exist, may exist, may occur, or hereafter may exist between the Releasing Party and the Released Party and that in furtherance of such intention, the General Release herein given shall be and remain in effect as a full and complete General Release of the Released Party, notwithstanding the discovery by Releasing Party of the existence of any such new, additional, different, or previously unknown facts.

It is the intention of Releasing Party, in executing this instrument, that it shall be deemed effective as a full and final accord and satisfaction and release of any and all claims and rights. The Releasing Party warrants, acknowledges, and affirms that full, complete and final payment for any and all amounts and/or monies due or to become due have been paid in full by the Released Party to the Releasing Party (and/or its agents and/or assigns) for, regarding, involving, pertaining or arising directly or indirectly to the above described matters.

This Release shall be binding on the Releasing Party and shall inure to the benefit of the Released Party.

This Release shall be in all respects enforced and governed by and under the laws of the State of Florida with venue in Miami Dade County, Florida. The prevailing party in any action to enforce this Release shall be entitled to recover all its court costs and attorneys fees.

The terms of this Release are contractual and not a mere recital.

To the extent that any Releasing Party is not an individual, each of the persons executing this Release on behalf of each Releasing Party has been duly authorized to do so , in accordance with all applicable governing documents,  and possesses  all applicable corporate, company or other applicable authority to bind such entity such that upon execution hereof this Release shall be fully binding upon each Releasing Party.

In the event any of the Released Parties files for bankruptcy within one hundred and twenty (120) days of the execution of this  Release, the Releasing Parties at their sole option may declare this Release null and void solely as to the entity in bankruptcy by sending written notice

MIAMI 895630.2 7418318721

FILE No.029 06/16 '05 16:09   ID:Stuart R. Michelson      FAX:954 463 5599            PAGE 11/ 27

Page 10

to counsel for the Released Parties, provided however that this General Release shall be in full force and effect as to the other non-filing Released Parties.

WITNESSES:                                    MIAMI CRUISES, LLC

_Elizabeth Shrigley_
Print Name:                                   By: _____
                                              Name: _Arnold Block_
                                              Title: _Director._

_____
Print Name:

STATE OF _Florida_        )
COUNTY OF _Broward_       ) ss:
                          )

The foregoing instrument was acknowledged before me this _17_ day of _June 2005_, by _Arnold Block_, who is personally known to me or who has produced _____ as identification.

Michele Klempner
My Commission DD362414
Expires December 25, 2008

My Commission Expires: _12/25/08_

_____
Notary Public, State of _Florida_
Print Name _Michele Klempner_

MIAMI 895630.2 7418318721

FILE No.029 06/16 '05 16:09   ID:Stuart R. Michelson      FAX:954 463 5599        PAGE 12/27

Page 11

WITNESSES:                              CASINOS AUSTRIA MANAGEMENT
                                        CO., LLC

_Elizabeth Shrigly_                     By: _____
Print Name:                             Name: _ARNOLD BLOCK_
                                        Title: _DIRECTOR._

_Ensgly_
Print Name:

STATE OF _Florida_         )
                           ) ss:
COUNTY OF _Broward_        )

    The foregoing instrument was acknowledged before me this _17_ day of
_June '05_, by _Arnold Block_____, who is personally known to me or
who has produced _____ as identification.

    Michele Klempner
    My Commission DD362414
    Expires December 25, 2008      _____
                                   Notary Public, State of _Florida_
My Commission Expires: _10/28/08_  Print Name _Michele Klempner_

Page 12

WITNESSES:

_Elizabeth Shrigley_
Print Name:

_E Shly_
Print Name:

STATE OF ___Florida___ )
COUNTY OF ___Broward___ ) ss:

CASINOS AUSTRIA MARITIME CORP.

By: _____
Name: _Arnold Block_
Title: _Director_

    The foregoing instrument was acknowledged before me this 17 day of
_June_ '05, by _Arnold Block_, who is personally known to me or
who has produced _____ as identification.)

Michele Klempner
My Commission DD362414
Expires December 25, 2008

My Commission Expires: 12/28/08

Notary Public, State of _Florida_

Print Name _Michele Klempner_

Page 13

WITNESSES:                                    ARNOLD BLOCK

_Elizabeth Shrigley_                          By: _[signature]_
Print Name:                                   Name: _Arnold Block_
                                              Title: _Self_

_[signature]_
Print Name:

STATE OF _Florida_        )
                          ) ss:
COUNTY OF _Broward_       )

    The foregoing instrument was acknowledged before me this _17_ day of _June 2005_, by _Arnold Block_, who is personally known to me or who has produced _____ as identification.

Michele Klempner
My Commission DD362414
Expires December 25, 2008

_[signature]_
Notary Public, State of _Florida_

My Commission Expires: _12/25/08_        Print Name _Michele Klempner_

Page 14

WITNESSES:                                  THE M.V. "PRINCESSA"

_Elizabeth Shrigly_
**Print Name:**                             By:
                                            Name: _Arnold Block_
                                            Title: _____

_ES Shgly_
**Print Name:**

STATE OF _Florida_                )
                                  ) ss:
COUNTY OF _Broward_               )

    The foregoing instrument was acknowledged before me this 17 day of
_June 05_____, by _Arnold Block_____, who is ⟨personally known⟩ to me or
who has produced _____ as identification.

Michele Klempner
My Commission DD362414
Expires December 25, 2008

                                            Notary Public, State of _Florida_
My Commission Expires: _12/25/08_           Print Name _Michele Klempner_

Page 15

**WITNESSES:**                                    SOUTHEAST CRUISE HOLDINGS, LLC

_Elizabeth Shrigley_                              By: _[signature]_
Print Name:                                       Name: _Arnold Block_
                                                  Title: _Director_

_[signature]_
Print Name:

STATE OF _Florida_        )
                          ) ss:
COUNTY OF _Broward_       )

        The foregoing instrument was acknowledged before me this _17_ day of
_June 2005_, by _Arnold Block_, who is ~~personally known~~ to me or
who has produced _____ as ~~identification~~.

        Michele Klempner
        My Commission DD362414                    _[signature]_
        Expires December 25, 2008                 Notary Public, State of _Florida_

My Commission Expires: _12/25/08_       Print Name _Michele Klempner_

Page 16

WITNESSES:

_Elizabeth Shrigley_
Print Name:

_EN S R l y_
Print Name:

STATE OF  _Florida_                )
                                                  ) ss:
COUNTY OF _Broward_        )

MAJESTY ENTERPRISES OF FLORIDA,
LLC

By: _____
Name: _Arnold Block_
Title: _____

    The foregoing instrument was acknowledged before me this _17_ day of
_June 2005_, by _Arnold Block_, who is personally known to me or
who has produced _____ as identification.

Michele Klempner
My Commission DD362414
Expires December 25, 2008

My Commission Expires: _12/25/08_

_____
Notary Public, State of _Florida_

Print Name _Michele Klempner_

MIAMI 895630.2 7418318721

Page 17

WITNESSES:                                  VANQUISH ACQUISITION PARTNERS,
                                            LLC


_____            By:_____
Print Name:                                 Name:_____
                                            Title:_____


_____
Print Name:


STATE OF _____ )
                             ) ss:
COUNTY OF _____ )

    The foregoing instrument was acknowledged before me this ____ day of
_____, by _____, who is personally known to me or
who has produced _____ as identification.


                                            _____
                                            Notary Public, State of _____

My Commission Expires: _____            Print Name _____

Page 18

WITNESSES:                                  MLA CRUISES, INC.

_Elizabeth Shrigley_
Print Name:                                 By: _____
                                            Name: _ARNOLD BLOCK_
                                            Title: _____

_Ensley_
Print Name:

STATE OF _Florida_      )
                        ) ss:
COUNTY OF _Broward_     )

The foregoing instrument was acknowledged before me this _17_ day of
_June 2005_, by _Arnold Block_, who is personally known to me or
who has produced _____ as identification.

Michele Klempner
My Commission DD362414
Expires December 25, 2008

My Commission Expires: _12/25/08_

Notary Public, State of _Florida_

Print Name _Michele Klempner_

Page 19

WITNESSES:                                   MB CRUISES, LLC

_____                    By: _____
*Print Name:*                                Name: _Arnold Block_
                                             Title: _____

_Elizabeth Shagley_
*Print Name:*

STATE OF _Florida_          )
                            ) ss:
COUNTY OF _Broward_         )

     The foregoing instrument was acknowledged before me this _17_ day of
_June 05_, by _Arnold Block_, who is (personally known to) me or
who has produced _____ as identification.

     Michele Klempner
     My Commission DD362414              _____
     Expires December 25, 2008           Notary Public, State of _Florida_

My Commission Expires: _12/25/08_        Print Name _Michele Klempner_

Page 23

## EXHIBIT 3

### ASSIGNMENT OF LEASE

FOR AND IN CONSIDERATION of Ten Dollars ($10.00) in hand paid, MB Cruises, LLC, a Delaware limited liability company ("Assignor") as Tenant under that certain Marina Lease between Miami Beach Marina Associates, Ltd. ("Landlord") as Landlord, and Majesty Enterprises of Florida LLC, a Florida limited liability company ("Majesty"), as Tenant dated January 31, 2002, as supplemented by that certain letter agreement dated as of April 22, 2003, between Majesty as subsequently assigned to Assignor on or about June 10, 2004 and any other amendments, modifications, assignments and changes thereto (collectively, the "Lease") hereby assigns the Lease to CLL Corporation (the "Assignee"). A true and correct copy of the Lease is attached hereto as Exhibit "A". Assignor hereby represents and warrants that it has full authority to execute and deliver this Assignment of Lease. Assignee hereby assumes the obligations of Assignor under the Lease arising from and after the Effective Date. This Assignment of Lease is effective in accordance with and pursuant to the terms of the attached Settlement Agreement (the "Effective Date").

Signed, sealed and delivered in
the presence of:

ASSIGNOR:
**MB CRUISES, LLC,**
a Delaware limited liability company

Print Name: _Michele Klemprer_

By: _____
Name: _Arnold Bloch_
Title: _Director_

Print Name: _EMSRly_
_Elizabeth Shrigley_

ASSIGNEE:
**CLL CORPORATION,** a Florida corporation

By: _____
Robert W. Christoph, President

Print Name: _____
_Rudolph F. Rodriguez_

Print Name: _____
_Leanne Trigoura_

MIAMI 895630.2 7418318721

FILE No.029 06/16 '05 16:11   ID:Stuart R. Michelson      FAX:954 463 5599        PAGE 25/ 27

Page 24

STATE OF FLORIDA                    )

COUNTY OF MIAMI- DADE               )

The foregoing instrument was acknowledged before me this 17 day of June, 2004, by _Arnold Block_ as the _Director_ of MB Cruises, LLC, on behalf of said company.  He is personally known to me or has produced a State of _____ driver's license as identification.

Sign Name: _____

Print Name: _Michele Klempner_

My Commission Expires:          NOTARY PUBLIC

Serial No. (none, if blank): _DD 362414_

Michele Klempner
My Commission DD362414        [NOTARY SEAL]
Expires December 25, 2008

MIAMI 895630.2 7418318721

FILE No.029 06/16 '05 16:12   ID:Stuart R. Michelson      FAX:954 463 5599          PAGE 26/ 27

Page 25

## JOINDER OF LANDLORD

Landlord by its execution hereof hereby releases Assignor from all past and future obligations and liabilities under the Lease referred to in the Assignment of Lease to which this joinder is attached. .

LANDLORD:
MIAMI BEACH MARINA ASSOCIATES, LTD.

By:    SoBe Marina, Inc., its general partner

By: _____

Print Name: _Rupuee G. Ronelouz_

Print Name: _Paul V_

        _Leanne Trigoura._

           Robert W. Christoph, President

STATE OF FLORIDA          )

COUNTY OF MIAMI- DADE  )

        The foregoing instrument was acknowledged before me this _10_ day of _June_ , 2005, by Robert W. Christoph, as President of SoBe Marina, Inc., the general partner of MIAMI BEACH MARINA ASSOCIATES, LTD., on behalf of said corporation and limited partnership. He is personally known to me or has produced a State of _____ driver's license as identification.

                Sign Name: _Sandra C. Ovando_

                Print Name: _SANDRA C. OVANDO_
                NOTARY PUBLIC

My Commission Expires:
     _11/20/07_

                Serial No. (none, if blank): _____

           [NOTARY SEAL]              Sandra C. Ovando
                                      My Commission DD309176
                                      Expires November 20, 2007

Page 26

[~~t] W:\4\94\EXHIBIT\3.A.H

## EXHIBIT I

## GENERAL RELEASE

For $10.00 and other good and valuable consideration, including that consideration provided for under the Settlement Agreement even date hereof, the receipt and sufficiency of which is hereby acknowledged by them, their heirs and successors and assigns, the undersigned, RCI-DINNER KEY, INC., SOBE Marina, Inc. and MIAMI BEACH MARINA ASSOCIATES, LTD., and their present and future related or affiliated companies, incorporators, shareholders, directors, managers, members, managing members, officers, partners, employees, debtors, creditors, agents, and attorneys (herein collectively the "Releasing Party") do hereby release and forever discharge MIAMI CRUISES, LLC, CASINOS AUSTRIA MANAGEMENT CO., LLC, CASINOS AUSTRIA MARITIME CORP., ARNOLD BLOCK, THE M.V. "PRINCESSA", SOUTHEAST CRUISE HOLDINGS, LLC, MAJESTY ENTERPRISES OF FLORIDA, LLC, VANQUISH ACQUISITION PARTNERS, LLC and MLA CRUISES, INC. and all their past, present and future related or affiliated companies, incorporators, shareholders, members, directors, managers, managing members, officers, partners, employees, agents, and attorneys, (herein collectively the "Released Party", but which shall exclude M.B. Cruises, LLC and The M/V "Atlantic", of and from any and claims, causes of action, all compulsory or permissive claims, notes, mortgages, leases, losses, liens, lien rights, lien claims, torts, demands, breach of contracts, negligence, differences, disputes, controversies, liabilities, and damages, known or unknown, suspected or unsuspected whatsoever, in law or equity, which the Releasing Party ever had, now has, may have or may obtain by assignment, transfer, right, order, judgment, agreement, special relationship, equitable interest, ownership either direct or indirect, stock ownership, power of attorney, by imposition or operation of law or equity or which any legal representative, heir, agent, attorney, trustee, receiver, successor or assigns, hereinafter can, shall or may have against the Released Party, for any reason, matter, cause or thing whatsoever from the beginning of time through the date hereof, including but not limited to (i) any matter arising from anything that has occurred, concerning, regarding, involving and pertaining to all claims, issues, rights, causes of actions, raised or those that could have been raised or may arise in the future concerning, regarding, involving, pertaining, or arising, directly or indirectly *RCI-Dinner Key and Miami Beach Marina v. M.V. "The Atlantic", et al.,* Case No. 04-20499 (Southern District - Admiralty) (the "Pending Action"); (ii) any Note, Mortgage or other loan documents

Page 2

or Loan entered into or held by any of the Releasing Party and the Released Party; or (iii) That certain Marina Lease between Miami Beach Marina Associates, Ltd. ("Landlord") as Landlord, and Majesty Enterprises of Florida LLC, a Florida limited liability company ("Majesty"), as Tenant dated January 31, 2002, as supplemented by that certain letter agreement dated as of April 22, 2003, between Majesty as subsequently assigned to MB Cruises, LLC  on or about June 10, 2004 and any other amendments, modifications, assignments and changes thereto  for dock and office space at Miami Beach Marina.  This release is being executed and is delivered as a requirements pursuant to that certain Settlement Agreement among  The Releasing Parties and certain of the Released Parties in connection with the Pending Action, a copy of which is attached hereto ("Settlement Agreement").  Notwithstanding any other language in this Release, this Release does not release any of the Released Parties of their respective obligations contained in the Settlement Agreement.  In addition, pursuant to the terms of the Settlement Agreement, nothing herein shall alter the Releasing Party's in rem lien rights regarding the obligations of M.B. Cruises  LLC to the extent secured by a lien on The M/V "Atlantic".

     The Releasing Party covenants not to sue, take or continue any legal action, or legal proceedings either directly or indirectly, concerning, regarding, or involving the Released Party for any and all claims, compulsory or permissive claims, torts, causes of action, losses, demands, disputes, controversies, or damages known or unknown, suspected or unsuspected whatsoever in law or equity, which the Releasing Party ever had, now have, may have or may obtain by assignment, transfer, right, order, judgment, agreement, special relationship, equitable interest, ownership interest either direct or indirect, equitable interest, stock ownership, power of attorney, by imposition or operation of law, or equity, or which any legal representative, agent, attorney, trustee, receiver, heir, at law or by marriage, successors, or assigns, hereinafter can, shall or may have against the Released Party, for any reason or any matter, cause or thing whatsoever, arising from anything that has occurred, concerning, regarding, involving, relating or pertaining either directly or indirectly to any and all claims, compulsory or permissive claims, issues, rights, causes of action, raised or those that could have been raised or may arise in the future concerning, regarding, involving, pertaining or arising directly or indirectly in the above described matters.

MIAMI 895630.2 7418318721

Page 3

The Releasing Party acknowledges that they are aware that they may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to their rights, claims, demand, or causes of action concerning, regarding, or involving the Released Party regarding the above described matters but that it is their expressed intention to fully, finally and forever settle, discharge, and release any and all such actions, compulsory or permissive claims, proceedings, matters, rights, disputes and differences, known or unknown, suspected or unsuspected, which exist, may exist, may occur, or hereafter may exist between the Releasing Party and the Released Party and that in furtherance of such intention, the General Release herein given shall be and remain in effect as a full and complete General Release of the Released Party, notwithstanding the discovery by Releasing Party of the existence of any such new, additional, different, or previously unknown facts.

It is the intention of Releasing Party, in executing this instrument, that it shall be deemed effective as a full and final accord and satisfaction and release of any and all claims and rights. The Releasing Party warrants, acknowledges, and affirms that full, complete and final payment for any and all amounts and/or monies due or to become due have been paid in full by the Released Party to the Releasing Party (and/or its agents and/or assigns) for, regarding, involving, pertaining or arising directly or indirectly to the above described matters.

This Release shall be binding on the Releasing Party and shall inure to the benefit of the Released Party.

This Release shall be in all respects enforced and governed by and under the laws of the State of Florida with venue in Miami Dade County, Florida. The prevailing party in any action to enforce this Release shall be entitled to recover all its court costs and attorneys fees.

The terms of this Release are contractual and not a mere recital.

To the extent that any Releasing Party is not an individual, each of the persons executing this Release on behalf of each Releasing Party has been duly authorized to do so , in accordance with all applicable governing documents, and possesses all applicable corporate, company or other applicable authority to bind such entity such that upon execution hereof this Release shall be fully binding upon each Releasing Party.

MIAMI 895630.2 7418318721

Page 4

In the event any of the Released Parties files for bankruptcy within one hundred and
twenty (120) days of the execution of this Release, the Releasing Parties at their sole option may
declare this Release null and void solely as to the entity in bankruptcy by sending written notice
to counsel for the Released Parties, provided however that this General Release shall be in full
force and effect as to the other non-filing Released Parties.

WITNESSES:                          RCI-DINNER KEY, INC., a Florida corporation

_____           By: _____
Print Name: _____         Robert W. Christoph, President

_____
Print Name: Aleanne Trigoura

STATE OF _____ )
                          ) ss:
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this 10th day of
June, 2005, by Robert W. Christoph, as President and on behalf of RCI- Dinner Key, Inc.
He is personally known to me or who has produced _____ as identification.

Sandra C. Ovando
My Commission DD288175
Expires November 20, 2007

_____
Notary Public, State of FLORIDA

My Commission Expires: 11/20/07    Print Name Sandra C. Ovando

MIAMI 895630.2 7418318721

FILE No.029 06/16 '05 16:08  ID:Stuart R. Michelson    FAX:954 463 5599        PAGE  6/ 27

Page 5

WITNESSES:                              MIAMI BEACH MARINA ASSOCIATES, LTD.,
                                        A Florida limited partnership

Print Name: _____             By: SOBE Marina, Inc., is general partner

Print Name: Leanne Trigoura              By: _____
                                         Robert W. Christoph, President

STATE OF _____ )
                         ) ss:
COUNTY OF _____ )

    The foregoing instrument was acknowledged before me this 10th day of
June 2005, by Robert W. Christoph, as President of SoBe Marina, Inc. the general
partner and on behalf of Miami Beach Marina Associates, Ltd. He is personally known to me or
who has produced _____ as identification.

Sandra C. Ovando
My Commission DD269176
Expires November 20, 2007         _____
                                  Notary Public, State of Florida

My Commission Expires: 11/20/07   Print Name Sandra C. Ovando

MIAMI 895630.2 7418318721

Page 6

WITNESSES:                              SOBE Marina, Inc.

Print Name: _Rodolfo A. Rodriguez_      By: _____
                                            Robert W. Christoph, President

Print Name: _Leanne Trigoura_


STATE OF _____ )
                        ) ss:
COUNTY OF _____ )

        The foregoing instrument was acknowledged before me this 10 day of
_June 2005_, by Robert W. Christoph, as President of SoBe Marina, Inc. He is personally
known to me or who has produced _____ as identification.

            Sandra C. Ovando
            My Commission DD280176        _____
            Expires November 20, 2007     Notary Public, State of _Florida_

My Commission Expires: _11/20/07_         Print Name _Sandra C. Ovando_